OPINION. Murdock, Judge: The Commissioner has referred to no provision of the Internal Revenue Code or to any decided case which would support the strange position which he has taken in this case. The following is the way he describes his position in his brief: * * * The situation in this case is unique in that tbe Commissioner is not, seeking to tax an individual or a corporation by reason of the acquisition or control of another corporation but seeks, upon tbe same basic legal reasons peculiar to that type of case, to deny a corporation tbe right to benefits of deductions and credits of a predecessor business where the transactions involved are * done to evade Federal taxes. While the technical form of the old corporation, American Book Exchange, Inc. has been retained, what happened in substance was that a new corporation for ^ Federal taxing purposes came into existence and the alleged net operating losses and credits attributable to the old corporation should not be recognized. The corporate veil should be pierced, or rather the old structure should be disregarded just as is done when a closely owned corporation buys another corporation for a similar tax evasion objective. He apparently finds some similarity between the facts in this case and cases in which a corporation doing a profitable business has found another which could be obtained cheaply and would bring great tax benefits into the group if the two could be parties to a statutory reorganization. Cf. Ericsson Screw Machine Products Co., 14 T. C. 757. But the similarity between the present situation and such a situation is not clear at any point. Here there was but one corporation. It existed without interruption, without going through any statutory reorganization, and without its assets being combined Mvith those of any other corporation. The Commissioner makes no point and can make nothing of the change in name. The Kramers had formerly carried on their paper box business as a partnership, to which the excess profits taxes did not apply. The partnership assets were transferred to the petitioner and thereby the corporate taxes were greatly increased. The Commissioner is not attempting to ignore the petitioner and tax the Kramers on their paper box business income as if it did not belong to the petitioner, but is attempting to tax the income of that business to the petitioner without recognizing for ytax purposes the business which the petitioner had always carried on and continued to carry on through the taxable year. Of course, the Commissioner’s method would increase the taxes of the petitioner over what they would be if the losses of the book business, both current and prior, and its unused excess profits credit carry-over are to be considered. However, the Commissioner has adopted a scheme to increase taxes without authority and has erred as alleged by the petitioner. No issue was raised in regard to the amount paid in for stock of the petitioner and no decision on any such point will be made. However, it would appear that the value of the accounts payable was the amount which the Kramers had just paid for them. Decision will be entered imder Rule 50.